# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Case No. 0419 3:16CR00239-001 |
| | ) | |
| Thomas Anthony Williams | ) | |
| Defendant | ) | |

## AGREED ORDER AND JUDGMENT
## TO REVOKE SUPERVISED RELEASE

Upon petition of the U.S. Probation Office, joined herein by the United States and the defendant, to revoke the supervised release of defendant Thomas Anthony Williams and for good cause shown therein, and also based on agreement of the parties as set forth herein:

### AGREEMENT OF UNITED STATES AND DEFENDANT

The defendant agrees and stipulates that he/she has violated the terms and conditions of supervised release in the following respects:

1. FAILURE TO NOTIFY OF ADDRESS CHANGE (Date violation concluded: 1/13/2020). The defendant has violated the condition of supervision that states, "The defendant shall live at a place approved by the probation officer. The probation officer shall be notified in advance of any change in living arrangements (such as location and the people with whom the defendant lives)," in that, on Monday, 01/13/2020, U.S. Probation Officer was advised that the defendant left the approved residence of 7138 Winding Cedar Trail, #106 in Charlotte, NC approximately three (3) weeks prior. The defendant has failed to make his whereabouts known, having absconded federal supervision. (Grade C)

2. DRUG/ALCOHOL USE (Date violation concluded: 12/18/2019).

1

The defendant has violated the condition of supervision that states, "The defendant shall refrain from excessive use of alcohol and shall not unlawfully purchase, possess, use, distribute or administer any narcotic or controlled substance or any psychoactive substances (including, but not limited to, synthetic marijuana, bath salts) that impair a person's physical or mental functioning, whether or not intended for human consumption, or any paraphernalia related to such substances, except as duly prescribed by a licensed medical practitioner," in that, the defendant tested positive for Cocaine on 12/6/2019, and, on 12/18/2019, he tested positive for Cocaine and Marijuana; he admitted to illegal drug use on both instances. (Grade C)

3. FAILURE TO COMPLY WITH DRUG TESTING/TREATMENT REQUIREMENTS (Date violation concluded: 1/17/2020).

    The defendant has violated the condition of supervision that states, "The defendant shall participate in a program of testing for substance abuse if directed to do so by the probation officer. The defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of the testing. If warranted, the defendant shall participate in a substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise the defendant's participation in the program (including, but not limited to, provider, location, modality, duration, intensity) (unless omitted by the Court)," in that, the defendant failed to attend a scheduled substance abuse assessment for substance abuse intensive outpatient treatment at McLeod Addictive Disease Center in Charlotte, NC, on Wednesday 12/18/2019 and again on Monday 12/23/2019. In addition, the defendant failed to report for drug screening

as scheduled via the Code-A-Phone random drug testing program on the following dates: 12/09/2019, 12/12/2019, 12/26/2019, 01/07/2020 and 01/17/2020. (Grade C)

4. FAILURE TO SUBMIT/RESIDE AT OXFORD HOUSE (Date violation concluded: 12/13/2019).

The defendant has violated the condition of supervision that states, "The defendant shall submit/reside at The Oxford House located at 7140 Idlewild Rd. The defendant shall abide by all rules and regulations established by the facility until released. The defendant shall report to the U.S. Probation Officer in person twice a week," in that, on or about 12/13/2019, the defendant left the Oxford House and failed to return. On 12/16/2019, USPO was notified by the Oxford House president that the defendant did not pay anything as agreed, did not obtain employment or follow the job leads they gave him, and because of suspected alcohol and drug use, he was voted out of the Oxford House program on 12/15/2019 for jeopardizing other participants' sobriety and safety. (Grade C)

The parties stipulate, pursuant to Chapter 7 Policy Statements, U.S. Sentencing Guidelines, that the defendant's violations are a maximum Grade C and that the defendant has a Criminal History Category of IV.

The parties stipulate, based on U.S.S.G. §7B1.4, that the Guidelines range of imprisonment for a Grade C violation and a Criminal History Category of IV is a term of imprisonment from six (6) to twelve (12) months.

The parties agree, pursuant to Rules 11(c)(1)(C) and 32.1, Federal Rules of Criminal Procedure, that the Court should revoke supervised release and order the defendant to be imprisoned for a period of **ELEVEN (11) months**, with no additional term of supervised release to follow. If the Court rejects this sentencing agreement, the defendant has the right to withdraw

from this Agreed Order and have an evidentiary hearing on the petition for revocation of supervised release.

DEFENDANT'S ACKNOWLEDGMENT AND WAIVER

The defendant acknowledges that he/she is admitting the violations of supervised release because he/she did, in fact, violate the conditions of supervised release set forth above.

The defendant acknowledges that he/she has had an opportunity 1) to review the written notice of the alleged violations of supervised release and 2) to review the evidence against him/her related to those alleged violations.

The defendant further acknowledges that he/she is aware of the following rights and is knowingly waiving these rights in exchange for the agreed sentence:

1) The opportunity to appear personally, present evidence, and question adverse witnesses at a revocation hearing; and

2) The opportunity to make a statement personally to the Court in mitigation of sentence and to present mitigating evidence to the Court.

If the Court accepts the agreed sentence, the defendant knowingly waives the right to contest the revocation of supervised release and the defendant's sentence in any appeal or post-conviction action. Claims of (1) ineffective assistance of counsel and (2) prosecutorial misconduct, and those claims only, are exempt from this waiver.

**APPROVED**

_____
Thomas Anthony Williams
Defendant

_____
Jefferson Moors
Attorney for Defendant

_____
Christopher Hess
Assistant United States Attorney

_____
Brian Hopkins
Supervisory U.S. Probation Officer

_____
Jackie Anderson
Mental Health Treatment Specialist

## AGREED SENTENCE

Upon agreement of the parties as set forth above, it is hereby ORDERED that the previously imposed period of supervised release is REVOKED.

It is further ORDERED that the defendant Thomas Anthony Williams be and is hereby SENTENCED to a term of imprisonment of **ELEVEN (11)** months on Counts 1s, 2s, 4s and 5s of the superseding indictment, all such terms of imprisonment to be served concurrently. No additional period of supervised release is imposed to follow defendant's release from imprisonment.

It is further ORDERED that any restitution order, fine, and special assessment imposed in the original Judgment in a Criminal Case are hereby reimposed and are to be paid in full immediately.

So ORDERED and ADJUDGED, this the 24th day of June, 20 20.

_____
Frank D. Whitney
U.S. District Court Judge